[Civ. No. 3684.   Fourth Dist.   July 6, 1948.]

IRVIN H. WEAVER et al., Respondents, v. ROLAND C. CASAD, Appellant.

John F. Poole for Appellant.

Lee Schwartz, for Respondents.

BARNARD, P. J.—This is an action to quiet title, for ejectment, and for damages for withholding possession of the property.

The plaintiffs listed 10 acres of land with a real estate agent for sale.   On February 21, 1946, the defendants agreed to

purchase this property for $7,500, and signed "an offer to purchase" in the ordinary form. The plaintiffs signed the usual acceptance on the same form, with an agreement to pay the agent's commission. This offer to purchase recited that $250 had been paid to the agent, provided that the buyers should have immediate possession, and further provided that the buyers would within ninety days from that date deliver to a designated escrow holder $3,000 in cash and a trust deed and note for $500, and would assume a trust deed for $3,750. It also provided that time was of the essence of the contract.

On the same day, these parties all signed escrow instructions with a bank which provided that the buyers would within 90 days deliver to the escrow holder $3,250 in cash, an assignment of a trust deed and a note for $500, and assume an existing trust deed for $3,750. The escrow holder was further instructed that if the conditions were not complied with within ninety days, it was to complete the escrow at the earliest possible date thereafter, unless either party gave written notice to the contrary.

Two hundred and fifty dollars was delivered to the escrow holder on March 1, and an additional $502.08 on March 26. The $3,000 was not paid into escrow, nothing further was put into the escrow by the buyers, and on June 6, 1946, the bank received written notice from the plaintiffs instructing it to cancel the escrow which was done on that date.

This action was brought on December 3, 1946. The answer, in addition to general denials, set up the defense that the defendants had tendered $3,000 into escrow before the escrow was cancelled.

With respect to this defense defendants produced evidence that on June 4, 1946, Roland C. Casad, with another real estate agent, called on the plaintiffs' agent; that this other agent told plaintiffs' agent that he had a client who would put up the $3,000; and that plaintiffs' agent replied that it was too late, that the escrow had been closed and that nothing could be done at that time. The defendants' agent further testified that he and Casad immediately went over to the bank; that the escrow holder told them that the escrow had not been closed; that Casad said nothing; that he went out and told his client what these parties had told him; and that his client then said that he wanted nothing further to do with it. The plaintiffs' agent testified that on this occasion Casad and his agent came to him and he told them that he could do nothing as

the matter was in escrow at the bank, and it was up to the bank to handle it.

The court found in all respects in favor of the plaintiffs, quieting their title, giving them restitution and awarding them $150 as damages for wrongfully withholding possession. From this judgment Roland C. Casad has appealed.

The appellant contends that he had a contract for the purchase of this property, that this contract could not be forfeited for any default on his part without the service upon him of a notice of cancellation, and that no such notice was served. The burden here was upon the appellant. The preliminary offer to purchase and acceptance provided for an escrow and for certain things to be done by the appellant within 90 days. The escrow instructions were signed the same day and were a part of the agreement. They also provided for these things to be done within 90 days and that if not so done the escrow could be cancelled on written notice to the escrow holder at any time thereafter. These things were not done, such a written notice was given to the escrow holder, and the escrow was cancelled in accordance with its terms. No further notice was required as the escrow instructions were controlling in this regard.

The appellant further contends that he was misled and prevented from closing the deal by the act of the respondents' agent in telling him that the escrow had been closed when this was not the fact; that this occurred two days before the escrow was actually closed; and that, under these circumstances, the court erred in not giving him equitable relief. The evidence is conflicting as to whether any such statement was made to the appellant and his agent on June 4. Moreover, it clearly appears that the appellant did not rely on such a statement if it was made as he and his agent immediately went to the bank and were told that the escrow had not been closed. Having been thus informed, they still failed to comply with the terms of the escrow. Nothing further appears than that the appellant was attempting to find another purchaser to take over his contract, and being unsuccessful failed to comply with the conditions of the escrow.

The judgment is affirmed.

Marks, J., concurred.