[Civ. No. 26741. Second Dist., Div. Three. Dec. 27, 1963.]

SIDNEY M. WEISBERG et al., Plaintiffs and Respondents, v. VERNON E. ASHCRAFT et al., Defendants and Appellants .

W. Garfield McDaniel and Chester A. Price, Jr., for Defendants and Appellants.

Sky, Winkler & Fischmann, Sky, Winkler & Mintz and Rudolph Winkler for Plaintiffs and Respondents.

SHINN, P. J.—Defendants who were purchasing a vacant lot on contract agreed to sell the property to plaintiffs for $6,000. The agreement was evidenced by the instructions of the parties given to an escrow holder. May 29, 1957, plaintiffs paid into escrow $200, agreed to pay $300 more June 1st, and within 30 days to pay in $2,972 and give a note and trust deed for the balance of $2,528. Defendants agreed to on or before June 28th convey title free and clear (with exceptions of no materiality), with the proviso that if it should be shown by a title report that the lot was subject to any easement plaintiffs would have the right to give approval to the same and take title subject thereto. Legal title was in L. K. Thompson, who filed in the escrow a demand for the balance payable to him for a deed.

Plaintiffs paid in $300 June 5th; defendants paid in $450 on June 3rd which, added to $2,972, would meet Thompson's demand. June 27th, the escrow holder mailed a grant deed to defendants and also mailed to plaintiffs a title report showing an easement over the rear 5 feet of the lot. June 28th or 29th, defendants deposited their deed in escrow. July 1st, plaintiffs signed an acceptance of title subject to the easement. The acceptance was mailed in to the escrow but no record was made of the date of its receipt. July 1st, defendants' attorney signed on behalf of defendants and mailed to the escrow and to plaintiffs a notice which purported to cancel the agreement and escrow for plaintiffs' alleged default. This notice was received in the escrow July 2nd. July 5th, plaintiffs deposited in the escrow their note and trust deed and $3,020, which amount included an additional sum required to meet the demand of Thompson.

Plaintiffs brought this action and were given a decree of specific performance and for damages for defendants' refusal to complete the transaction. Defendants appealed from that judgment and it was reversed upon technical grounds. (194 Cal.App.2d 225 [14 Cal.Rptr. 817].)[1]

Upon a retrial the case was submitted upon the entire record of the former trial; specific performance was again decreed but no money judgment was awarded. Defendants appeal. Defendants filed a cross-complaint seeking damages for the clouding of their title. The judgment on the cross-complaint was against them and our discussion will dispose of this feature of the judgment.

The basic question is whether defendants had a right to withdraw from the agreement for the reason that plaintiffs failed to deposit the $300 on June 1st and to pay in the balance of $2,972 and deposit a note and trust deed for $2,528 by June 28th. We believe the defendants did not have that right.

The parties are not in disagreement as to the applicable principles of law. Sales of real property are customarily consummated through escrow in which the instructions of the parties may and frequently do constitute their contract. When it appears from the agreement that the parties have made time of the essence, strict performance is required unless it is excused. If times are fixed for deposit of the purchase price in cash or other consideration and for deposit by the seller of sufficient instruments to convey title as agreed, each act must be performed on or before the times agreed upon. (*Weisberg* v. *Ashcraft, supra,* 194 Cal.App.2d 225.)

In the absence of a contrary agreement, one who has rendered full performance may withdraw from the agreement and terminate the escrow for unexcused failure of the other party to render performance as agreed. (*Weaver* v. *Casad,* 86 Cal.App.2d 593 [195 P.2d 81].) The agreement of the parties contained in the instructions conformed to the applicable legal principles. It read in part as follows: "Time is of the essence of these instructions. If this escrow is not in condition to close by the expiration of the time provided for herein, any party who then shall have fully complied with his instructions may, in writing, demand the return of his money and/or property; but if none have complied, no de-

---

[1]Although defendants quote from the opinion on the former appeal, it was not contended below and is not contended here that any statement in the former opinion constitutes the law of the case.

mand for return thereof shall be recognized until five days after the escrow holder shall have mailed copies of such demand to all parties at their respective addresses shown in the escrow instructions.''

The deed which defendants deposited in escrow would not have conveyed a clear title, nor could defendants have conveyed a clear title without removing the easement. Plaintiffs could have refused to take title subject to the easement. Not until the title was cleared or plaintiffs approved the title subject to the easement did defendants have an enforceable contract. It was their duty to furnish a title report and a policy of title insurance. The court found that plaintiffs in approving the imperfect title acted within a reasonable time and we cannot disagree with that finding. In ordering a title report the escrow holder acted as defendants' agent. Presumably the report was sent to plaintiffs as soon as it was received from the title company which was but one day before the escrow was to close. June 27th was a Thursday. Between that day and the 5th of July when plaintiffs' money and trust deed were deposited, Saturday, Sunday and July 4th intervened. Plaintiffs testified that their money and documents were sent in before they received the notice from defendants' attorney which purported to terminate the agreement.

It is true that plaintiffs were late in depositing the $300. It is unnecessary to decide whether this default was waived by defendants when they deposited their deed. Plaintiffs, also, were in default on July 1st because of their failure to deposit the balance of the purchase price and the note and trust deed. There was no provision that they could defer performance until the title report was received. Defendants were in default in having failed to deposit a deed which would convey a clear title. Neither party had rendered strict compliance with the instructions.

The clear purpose of the requirement of notice from the escrow holder if neither party had complied with his instructions was to give the parties an opportunity to comply within a five-day period. If, on July 2, the escrow holder mailed to plaintiffs a notice of defendants' attempted cancellation, plaintiffs fully performed by handing in their money and note and trust deed before the expiration of the five days. The attempted cancellation of the escrow by defendants was ineffectual. Defendants were in default until plaintiffs agreed to accept an imperfect title. When plaintiffs waived the im-

perfection and deposited their money and documents the agreement became enforceable at the instance of either party.

██ The court found that "the sales price and terms of payment for said real property were fair and reasonable." It is contended by defendants there was no evidence that the consideration was adequate. In this they are mistaken. Mr. Ashcraft testified that in his opinion the property was worth $6,950. This was the price he was asking on a sale for $1,900 down. The sale was for $6,000 with more than $3,400 down. The court no doubt compared the opinion as to value with the fact that defendants sold for a lower price on favorable terms in reaching its conclusion as to the value of the property and the court may have found the value to have been at the time of the contract, anywhere between $6,000 and $6,950. Moreover, "[a]dequacy of price ... does not mean equality of price, and an adequate consideration does not mean a consideration measuring to the fullest extent up to the value of the property." (*Schader* v. *White*, 173 Cal. 441 [160 P. 557].)

The judgment provides in part: "and leave is granted to plaintiffs SIDNEY M. WEISBERG and MARGIT WEISBERG to apply to this Court for such other and further relief in the premises as may be requisite." In view of the fact that the escrow has been open for more than six years and that so far as shown by the record the legal title to the property still remains in Mr. Thompson it will be appropriate that the judgment be modified so as to take into consideration the present conditions.

The judgment is modified to provide that either plaintiffs or defendants Ashcraft may apply to the court for any other or further directions which may be necessary in order to give effect to the judgment heretofore rendered, and as modified the judgment is affirmed; respondents to recover costs.

Ford, J., and Files, J., concurred.

A petition for a rehearing was denied January 22, 1964, and appellants' petition for a hearing by the Supreme Court was denied February 19, 1964.